Richard S. Heller, J.
This claim arises from an accident which occurred when claimant drove Ms car into a stream of water covering a State highway and after skidding on ice, overturned and demolished his automobile.
Claimant left his garage in Madison, New York about 8:30 p.m. on the night of February 25, 1956 to drive to his home in Waterville, New York, a village located a few miles east of Madison. He was driving a 1951 Chevrolet two-door sedan and was accompanied by his son. Claimant was very familiar with the Mghway.
Route No. 20 runs in a generally west-east direction between Madison and Waterville. In the vieiMty of the accident, approx *956 imately three miles east of Madison, the highway consists of two south or eastbound lanes and two north or westbound lanes separated by a large mall.
Claimant testified that he was driving east near the farm of one Camp and that both eastbound lanes were covered with water to a depth of six to eight inches which was not apparent because of reflected light which blinded him. Since the road had been dry and bare up to the accident scene claimant’s car entered into the water unexpectedly, skidded on ice, overturned and in some manner righted itself.
The evidence shows that at this particular location the highway had been flooded on occasions. One claim (Bono v. State of New York, 1 A D 2d 745) was an accident at the precise location of the present claim. The evidence established that water did cover the road at other times. On the day of the accident the melting of heavy snow south of the highway could have formed a stream of water which followed a dirt road down hill to Route No. 20 and flooded the eastbound lanes. No warning signs, flares or flags were placed.
This accident happened on February 25,1956. The claim was verified on April 19, 1956 and filed on May 3, 1956. The first report of the accident was filed with the Motor Vehicle Bureau after the claim was filed and was dated July 30, 1956. In this report the claimant estimated the depth of water as “ about 8 to 14 inches ’ ’ and the spot covered with water as ‘‘ about 35 to 40 feet long”. No mention of blinding was contained in this report ■
Claimant testified that just prior to the accident he Avas driving at 45 miles per hour and that his vision Avas impaired when the headlights of a Avestbound car shone on a Avhite barn north of the highway and reflected a blinding light. In view of the evidence presented, the court is of the opinion that such reflection would not be sufficient to prevent the driver from seeing a stream of water 6 to 14 inches deep on the highway.
Sight vision at the place of the accident was substantial and with low beam headlights ample opportunity existed to slow down upon sight of the obstruction. The weather was clear and Adsibility was good.
Following the ruling in Bono v. State of New York (1 A D 2d 745, mod., 1 N Y 2d 885, supra) the claimant was guilty of negligence which contributed to the accident and the claim must be dismissed.
The foregoing constitutes the written and signed decision of the court on which judgment may be entered in accordance therewith.